IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHARLIE B. BUSH JR., | ) | 4:14CV3179 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DONNER STEEL WORKS, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Charlie Bush, Jr. ("Plaintiff") filed his Complaint in this matter on August 29, 2014. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.  SUMMARY OF COMPLAINT

Plaintiff filed his Complaint against Donner Steel Works. Liberally construed, Plaintiff, a black male, brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, against his former employer for hostile work environment based on race, constructive discharge, disparate treatment, and retaliation. Plaintiff attached the charge of discrimination he filed with the Nebraska Equal Opportunity Commission ("NEOC") to his Complaint. (Filing No. 1 at CM/ECF p. 5.) In assessing Plaintiff's Complaint, the court will consider the allegations raised in Plaintiff's NEOC charge of discrimination, as well as those raised in the Complaint. *See Coleman v. Correct Care Solutions, 559 Fed. App'x. 601, 602 (8th Cir. 2014).*

Plaintiff alleged he worked for Donner Steel Works in 2013. His supervisor, Mark, a white male, swore at him every work day. (Filing No. 1 at CM/ECF p. 1.) Mark's instructions to Plaintiff were "always full of curse words," but Mark gave

instructions to "non-black workers without swearing at them." (*Id.* at CM/ECF p. 5.) In addition, Mark scrutinized Plaintiff's work "more than other non-black workers." (*Id.*) Plaintiff witnessed Mark treat other black workers similarly. After one of Plaintiff's black coworkers quit, Mark began harassing Plaintiff more frequently. (*Id.*) On one occasion, Mark called one of Plaintiff's coworkers the "N-Word" and was "sent home 3 days for it." (*Id.* at CM/ECF p. 1.)

Plaintiff alleged he reported Mark's harassment to Aaron, a white supervisor. (*Id.* at CM/ECF p. 5.) Aaron responded by asking Plaintiff to go "outside and cut down bushes on trees for the rest of the afternoon [while] Mark was allowed to stay inside where it was cool." (*Id.*) The same month, Plaintiff was denied a raise because he had argued with Mark. (*Id.*) Mark, however, received a raise. (*Id.* at CM/ECF p. 1.) Aaron informed Plaintiff that he would get a raise in 30 days if he did not get into another argument with Mark. (*Id.* at CM/ECF p. 5.) Plaintiff alleged he "felt compelled to quit [his] job" due to Mark's harassment and due to the denial of his raise. (*Id.*)

For relief, Plaintiff seeks $15,000.00 and also back pay from Donner Steel Works. (*Id.* at CM/ECF p. 2.) The right-to-sue notice attached to Plaintiff's Complaint reflects that Plaintiff filed suit in this court within 90 days of his receipt of the right-to-sue notice from the United States Equal Employment Opportunity Commission. *See* 42 U.S.C. § 2000e-5(f)(1) (a charging party has 90 days from the receipt of the right-to-sue notice to file a civil complaint based on a charge of discrimination).

## II.    APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks

2

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III.   DISCUSSION OF CLAIMS

A plaintiff need not plead facts sufficient to establish a prima facie case of employment discrimination in his complaint. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-512 (2002) (holding a complaint in employment discrimination lawsuit need not contain "facts establishing a prima facie case," but must contain sufficient facts to state a claim to relief that is plausible on its face), *abrogated in part on other grounds by Twombly*, 550 U.S. at 570. However, the elements of a prima facie case are relevant to a plausibility determination. *See Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 54 (1st Cir. 2013) (stating elements of a prima facie case are "part of the background against which a plausibility determination should be made" and "may be used as a prism to shed light upon the plausibility of the claim"); *see also Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) ("While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the

elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim.").

### A.   Hostile Work Environment

To prove a claim for hostile work environment based on race, Plaintiff must establish that "(1) he is a member of a protected group; (2) he was subject to unwelcome race-based harassment; (3) the harassment was because of membership in the protected group; and (4) the harassment affected a term, condition, or privilege of employment."  *Malone v. Ameren UE*, 646 F.3d 512, 517 (8th Cir. 2011).

"Conduct of others in a workplace 'affects a term, condition, or privilege of employment' under Title VII only if it is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Id.* (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)).  The court considers the conduct "as it would be viewed objectively by a reasonable person and as it was actually viewed subjectively by the victim." *Id.* (quoting *Singletary v. Missouri Dep't of Corr.*, 423 F.3d 886, 892 (8th Cir. 2005)).  "All of the circumstances are relevant, including 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Id.* (quoting *Harris*, 510 U.S. at 23).

Here, Plaintiff raised a plausible hostile work environment claim.  He alleged in his Complaint and charge of discrimination that Mark, his white male supervisor, swore at him every work day.  (Filing No. 1 at CM/ECF p. 1.)  Mark's instructions to Plaintiff were "always full of curse words," but Mark gave instructions to "non-black workers without swearing at them."  (*Id.* at CM/ECF p. 5.)  In addition, Mark scrutinized Plaintiff's work "more than other non-black workers."  (*Id.*)  Plaintiff witnessed Mark treat other black workers similarly.  After one of Plaintiff's black coworkers quit, Mark began harassing Plaintiff more frequently.  (*Id.*)  On one

occasion, Mark called one of Plaintiff's coworkers the "N-Word" and was "sent home 3 days for it." (*Id.* at CM/ECF p. 1.)

Plaintiff alleged he reported Mark's harassment to Aaron, a white supervisor. (*Id.* at CM/ECF p. 5.)  Aaron responded by forcing Plaintiff to "go outside and cut down bushes on trees for the rest of the afternoon [while] Mark was allowed to stay inside where it was cool." (*Id.*)  The same month, Plaintiff was denied a raise because he had argued with Mark. (*Id.*)  Mark, however, received a raise. (*Id.* at CM/ECF p. 1.)  Plaintiff alleged he "felt compelled to quit [his] job" due to Mark's harassment. (*Id.* at CM/ECF p. 5.)

In light of the liberal pleading standard afforded to pro se litigants, the court finds that Plaintiff has stated a plausible hostile work environment claim and the claim may proceed to service of process.  The court cautions Plaintiff that this is only a preliminary determination based solely on the allegations in the Complaint and charge of discrimination.  This is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

### B.    Constructive Discharge

"To establish a case of constructive discharge, [a plaintiff] must show that '(1) a reasonable person in [his] situation would find [his] working conditions intolerable, and (2) the employer intended to force [him] to quit.'" *Rester v. Stephens Media, LLC,* *739 F.3d 1127, 1132 (8th Cir. 2014)* (quoting *Wilkie v. Dep't of Health & Human Servs.*, 638 F.3d 944, 954 (8th Cir. 2011)).

Plaintiff does not allege any facts suggesting his employer intended to force him to quit.  Thus, the claim will be dismissed without prejudice to reassertion in an amended complaint.

5

### C.    Disparate Treatment and Retaliation

Under Title VII, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).  Title VII also prohibits retaliation against an employee "because he has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a).

To state a prima facie claim of race discrimination Plaintiff must allege facts showing that (1) he is a member of a protected class; (2) he met his employer's legitimate expectations; (3) he suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination. *Pye v. Nu Aire, Inc.*, 641 F.3d 1011, 1019 (8th Cir. 2011).  "The required prima facie showing is a flexible evidentiary standard, and a plaintiff can satisfy the fourth part of the prima facie case in a variety of ways, such as by showing more-favorable treatment of similarly-situated employees who are not in the protected class, or biased comments by a decisionmaker." *Id.* (internal quotations and citations omitted).

The Eighth Circuit Court of Appeals "has two lines of cases on the standard to determine whether employees are 'similarly situated' at the prima facie stage of the *McDonnell Douglas* test." *Id.* (quoting *Wimbley v. Cashion*, 588 F.3d 959, 962 (8th Cir. 2009)).  "One line sets a 'low threshold,' requiring only that the employees are 'involved in or accused of the same or similar conduct and are disciplined in different ways.  The other line more rigorously requires that the employees be 'similarly situated in all respects.'" *Id.*

Here, Plaintiff has alleged a plausible disparate treatment claim. He alleged his job performance was satisfactory, yet Aaron denied him a raise because he had "argued" with Mark. Mark, who is not in Plaintiff's protected class, was given a raise even though he engaged in the same or similar conduct as Plaintiff (i.e., arguing). This denial of a raise occurred shortly after Plaintiff complained to Aaron that Mark was harassing him. Accordingly, the court finds Plaintiff's disparate treatment and retaliation claims may proceed to service of process. However, the court cautions Plaintiff that this is only a preliminary determination based solely on the allegations in the Complaint and charge of discrimination. This is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

IT IS THEREFORE ORDERED that:

1.     Plaintiff's hostile work environment, disparate treatment, and retaliation claims may proceed and service of process is now warranted.

2.     To obtain service of process on Defendant, Plaintiff must complete and return the summons form that the Clerk of the court will provide. The Clerk of the court shall send ONE summons form and ONE USM-285 form to Plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur.

3.     Upon receipt of the completed forms, the Clerk of the court will sign the summons forms, to be forwarded with a copy of the Complaint, to the U.S. Marshal for service of process. The Marshal shall serve the summons and Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Complaint, and Plaintiff does not need to do so.

7

4.      Fed. R. Civ. Pro. 4 requires service of a complaint on a defendant within 120 days of filing the complaint.  However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

5.      Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant.  A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint.

6.      The Clerk of the court is directed to set a case management deadline with the following text: "**April 6, 2015**:  Check for completion of service of summons."

7.      The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.  Plaintiff shall keep the court informed of his current address at all times while this case is pending.  Failure to do so may result in dismissal of this matter without further notice.

DATED this 9th day of December, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.